UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


FOOTBRIDGE LIMITED TRUST
28 Thorndal Circle
Darien, CT 06820

Plaintiff

VS.

JAMES ZHANG
307 Misty Knoll Drive
Rockville, MD 20850
Telephone (301) 517-5760

Defendant

Judge C.K.K.

Case Number: 04CV00347

---

## MOTION TO DISMISS

NOW COMES, James Zhang, pro se, Defendant in the above cause, moves to have the above Complaint by Plaintiff Footbridge Limited Trust dismissed by this Honorable Court for failing to state a claim upon which a relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (2004).


Date: March 9, 2004

James Zhang, Pro se
307 Misty Knoll Drive
Rockville, MD 20850
Tel. (301) 517-5760
Bar number: 463720

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FOOTBRIDGE LIMITED TRUST
28 Thorndal Circle
Darien, CT 06820

Plaintiff

    VS.                                               Case Number: 04CV00347

JAMES ZHANG
307 Misty Knoll Drive
Rockville, MD 20850
Telephone (301) 517-5760

Defendant

---

**MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS**

**(THIS PAGE BELOW IS INTENTIONALLY LEFT BLANK.)**

# TABLE OF CONTENTS

I.   When considering a Rule 12(b)(6) motion, the Court need not take Plaintiff's bald assertions and conclusory allegations..................................................1

II.  Defendant was not Plaintiff's attorney at any time; therefore, Plaintiff could not maintain a malpractice action against Defendant based on an attorney-client relationship..................................................3

III. Plaintiff cannot maintain malpractice and negligence actions against Defendant as a third party beneficiary because Plaintiff was not in privity of an attorney-client contract with Defendant..................................................5

IV.  Plaintiff cannot maintain a malpractice action against Defendant as an intended beneficiary because Plaintiff was not the intended beneficiary of the alleged attorney-client relationship between Defendant and Cambridge Holdings..................................................7

V.   Plaintiff cannot maintain a negligence action against Defendant as a third party beneficiary because Defendant owed Plaintiff no duty of care..................9

VI.  Defendant's alleged malpractice was not the cause of Plaintiff's alleged loss.....10

VII. Statute of limitations bars Plaintiff's malpractice action against Defendant.......14

**I. When considering a Rule 12(b)(6) motion, the Court need not take Plaintiff's bald assertions and conclusory allegations.**

Under Rule 12(b)(6) of Federal Rules of Civil Procedure, the party moving for dismissal has the burden of proving that no claim has been stated. See, Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1990), cert. denied, 501 U.S. 1222 (1991). For Rule 12(b)(6) purposes, the court must accept the plaintiff's factual allegations as true. See, e.g., Albright v. Oliver, 510 U.S. 266, 114 S. Ct. 807, 810, 127 L. Ed. 2d 114 (1994) (affirming Fed. R. Civ. P. 12(b)(6) dismissal of claim that Due Process Clause includes substantive right to freedom from prosecution without probable cause); Hartford Fire Ins. Co. v. California, 509 U.S. 764, 113 S. Ct. 2891, 2895, 125 L. Ed. 2d 612 (1993) (for motion to dismiss, allegations of complaint taken as true); Hoover v. Ronwin, 466 U.S. 558, 565-566, 104 S. Ct. 1989, 80 L. Ed. 2d 590 (1984) (plaintiff's allegations taken as true in determination of dismissal). The court should construe a plaintiff's allegations liberally. See, United States v. Uvalde Consol. Indep. Sch. Dist., 625 F.2d 547, 549 (5th Cir. 1980) (initial pleading, which is required only to give notice of claim, must be construed liberally so as to do substantial justice).

However, liberal construction has its limits, for the pleading must at least set forth sufficient information for the court to determine whether some recognized legal theory exists on which relief can be accorded the plaintiff. If the pleading fails to do so, a motion under Rule 12(b)(6) will be granted. See, Wilson v. Civil Town of Clayton, 839 F.2d 375, 378 (7th Cir. 1988) (even under liberal standard, plaintiff's complaint failed to state constitutional claim). Thus, a court need not cull a "tangled web" of multiple pleadings and multiple actions to determine whether a plaintiff has articulated a meritorious claim.

1

See, e.g., Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1157 (5th Cir. 1992), cert. denied, 506 U.S. 1079 (1993) (agreeing with district court that plaintiff failed to state a claim under either RICO or federal civil rights law); United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991) ("[j]udges are not like pigs, hunting for truffles buried in briefs").

Additionally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." See, e.g., Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998) (conclusory allegations were not required to be taken as true in employment discrimination suit when plaintiff labeled certain relationships as employment relationships, but her factual allegations made it obvious that this was legal conclusion that inaccurately characterized relationships); Anderson v. Clow, 89 F.3d 1399, 1403 (9th Cir. 1996), cert. denied, 520 U.S. 1103 (1997) (conclusory allegations of law and unwarranted inferences are insufficient to defeat motion to dismiss for failure to state claim); Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088 (2d Cir. 1995) ("[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss"); Blackburn v. City of Marshall, 42 F.3d 925, 931 (5th Cir. 1995) (conclusory allegations will not suffice). While facts must be accepted as alleged, this does not automatically extend to bald assertions, subjective characterizations, or legal conclusions. DM Research v. College of American Pathologists, 170 F.3d 53, 55-56 (1st Cir. 1999).

In the Case at bar, Plaintiff has made numerous allegations, which, as discussed in the following Sections, are bald assertions without any substantiating facts, legal conclusions masquerading as factual allegations, and conclusory allegations of law that need not be

taken as true by this Court when considering this Rule 12(b)(6) Motion to dismiss. In fact Plaintiff fails to state a claim upon which a relief can be granted for the five (5) reasons explicated in the ensuing five (5) Sections (Sections II through Section VI).

**II. Defendant was not Plaintiff's attorney at any time; therefore, Plaintiff could not maintain a malpractice action against Defendant based on an attorney-client relationship.**

Plaintiff maintains its malpractice action against Defendant based on the allegation that Defendant was acting on behalf of Plaintiff (Compl. ¶9) in a secured transaction. However, Plaintiff's allegation of the existence of the attorney-client relationship between Defendant and Plaintiff is a bald assertion not supported by any facts in the Complaint and constitutes a legal conclusion of Plaintiff's own and therefore need not be taken as true by the Court.

A claim of legal malpractice derives from a duty based on the attorney-client relationship, see, e.g., Miller v. Nooney, 431 Mass. 57, 725 N.E.2d 545 (2000); SMWNPF Holdings, Inc. v. Devore, 165 F.3d 360 (5th Cir. 1999); Kurtenbach v. TeKippe, 260 N.W.2d 53 (Iowa 1977), and the attorney-client relationship must exist during the alleged malpractice. See, e.g., Mitchell v. Flynn, 460 A.2d 1375 (Me. 1983); Desnick v. Mast, 311 Minn. 356, 249 N.W.2d 878 (1976); Wrey v. Graham, 276 Or. 205, 554 P.2d 498 (1976). Whether a given set of facts create an attorney-client relationship presents an issue of law for the court, see. Fleissler v. Bayroff, 266 A.D.2d 34, 698 N.Y.S.2d 19 (1999), and the burden of proving the alleged attorney-client relationship rests on the putative client. See, e.g., Mason Tenders Dist. Council Pension Fund v.

3

Messera, 958 F.Supp. 869 (S.D.N.Y. 1997); Solomon v. Aberman, 196 Conn. 359, 493 A.2d 193 (1985).

In the Case at bar, since the existence of an attorney-client relationship is a question of law for the Court, Plaintiff's allegation that Defendant acted as its attorney is a conclusory allegation of law that need not be taken as true by the Court. Moreover, Plaintiff fails to allege any set of facts as the basis for the Court to determine the existence of the attorney-client relationship between Defendant and Plaintiff.

Furthermore, since the attorney-client relationship is consensual, the predicate is that both the attorney and the client must have consented to the formation of the relationship, see, e.g., SMWNPF, 165 F.3d 360; Williams v. Ely, 423 Mass. 467, 668 N.E.2d 799 (1996), and such a relationship may neither be assumed nor forced on the attorney, who should have the option to accept or decline the representation. See, e.g. Sheinkopf v. Stone, 741 F.Supp. 323 (D.Mass. 1990), aff'd, 927 F.2d 1259 (1st Cir. 1991); Connelly v. Wolf, Block, Schorr and Solis-Cohen, 463 F.Supp. 914 (E.D.Pa. 1978). Finally, the relationship is usually contractual based on a retainer agreement. See, Catizone v. Wolff, 71 F.Supp.2d 365 (S.D.N.Y. 1999). Where the attorney-client relationship is based on implied, rather than express, contract, the court looks to (1) whether the putative client has sought advice from the attorney, (2) whether the advice sought pertains to matters within the attorney's professional competence, and (3) whether the attorney agrees to give or actually gives the desired advice. See, Kurtenbach, 260 N.W.2d at 56.

In the Case at bar, Plaintiff fails to allege that Defendant consented to be Plaintiff's attorney for the secured transaction or that there was a contractual retainer agreement between Defendant and Plaintiff. Instead, Plaintiff wants to force the attorney-client

4

relationship on Defendant through its bald assertion of the existence of such relationship. (Compl. ¶9). Nor does Plaintiff allege that Plaintiff sought advice from Defendant, or that Plaintiff's legal needs in the secured transaction pertained to Defendant's professional expertise, or that Defendant agreed to give Plaintiff any legal advice at all. Plaintiff fails to make any allegations of facts that substantiate its bald assertion that Defendant was Plaintiff' attorney and simply draws a legal conclusion that Defendant was Plaintiff's attorney. The Court need not take such a legal conclusion as true.

### III. Plaintiff cannot maintain malpractice and negligence actions against Defendant as a third party beneficiary because Plaintiff was not in privity of an attorney-client contract with Defendant.

Plaintiff also alleges that Defendant was an attorney for Cambridge Holdings Group, Inc. ("Cambridge Holdings") (Compl. ¶4, ¶9, ¶33), and that Plaintiff can maintain malpractice and negligence actions against Defendant as a third party beneficiary to a contract (Compl. ¶23). However, Plaintiff cannot maintain such actions against Defendant as a matter of law because it was not in privity of an attorney-client contract with Defendant.

Plaintiff alleges that Defendant was Cambridge Holdings' attorney in the secured transaction, another bald assertion without any facts in the Complaint to substantiate it, when in fact Cambridge Holdings' attorney in the secured transaction was Victoria Wysocki, Esquire, of Cozen and O'Connor in Philadelphia, Pennsylvania (Ex. A, at 2)[1]. But even if there had been an attorney-client contract between Defendant and Cambridge

---

[1] For reasons discussed in Section VI on page 11, the Court may consider Exhibits attached hereto without converting this Rule 12(b)(6) Motion to Dismiss to a Rule 56 motion for summary judgment.

Holdings, Plaintiff still could not maintain malpractice and negligence actions against Defendant as a third party beneficiary because Plaintiff was not in privity of the alleged attorney-client contract with Defendant.

For over one hundred years, American courts have held that an attorney owed a duty of care only to his or her client, see, National Savings Bank of Dist. of Columbia v. Ward, 100 U.S. 195 (1879), and that only the attorney's client can sue the attorney for a negligent act. See, e.g., Ferguson v. Cramer, 349 Md. 760, 709 A.2d 1279 (1998); Travelers Ins. Co. v. Haden, 418 A.2d 1078 (D.C. 1980). Thus, an attorney was not liable to a damaged third party due to negligence, where the third party was not in privity of contract with the attorney, see, e.g., Lamare v. Basbanes, 418 Mass. 274, 636 N.E.2d 218 (1994); Continental Casualty Co. v. Pullman, Comley, Bradley & Reeves, 709 F.Supp. 44 (D.Conn. 1989), aff'd, 929 F.2d 103 (2d Cir. 1991); Flaherty v. Weinberg, 303 Md. 116, 492 A.2d 618 (1985), the privity of contract being defined as "(t)hat relationship between the parties to a contract, [resulting in] allowing them to sue each other but preventing a third party from doing so." Black's Law Dictionary 1217 (7th ed. 1999). A court has ruled that a third party must have requested the legal services to claim malpractice. See, Greycas, Inc. v. Proud, 826 F.2d 1560 (7th Cir. 1987).

In the Case at bar, Plaintiff again has made the bald assertion that there was an attorney-client relationship between Defendant and Cambridge Holdings despite the fact that its pleadings in the Complaint clearly and unambiguously include the fact indicating that Victoria Wysocki, Esquire, of Cozen and O'Connor acted as Cambridge Holdings' attorney in the secured transaction. Moreover, Plaintiff fails to allege that there was an attorney-client contract between Defendant and Cambridge Holdings, and that Plaintiff

was a party to that contract. Therefore, Plaintiff was not in privity of an attorney-client contract with Defendant and, <u>as a matter of law</u>, cannot maintain malpractice and negligence actions against Defendant as a third party beneficiary.

**IV. Plaintiff cannot maintain a malpractice action against Defendant as an intended beneficiary because Plaintiff was not the intended beneficiary of the alleged attorney-client relationship between Defendant and Cambridge Holdings.**

Plaintiff alleges that Plaintiff was the direct and intended beneficiary of <u>the secured transaction</u> (Compl. ¶25, ¶27) (emphasis added) and thus can maintain a malpractice action against Defendant as an intended beneficiary of <u>the secured transaction</u> (Compl. ¶24, ¶25) (emphasis added). Plaintiff's legal basis that Plaintiff, as the intended beneficiary of <u>the secured transaction</u>, can maintain a malpractice action against Defendant is a pure legal fiction conjured up by Plaintiff to bring this frivolous lawsuit to this Court. Not surprisingly, Plaintiff fails to provide any legal analysis to support its fabricated legal basis that a third party beneficiary of a contract can maintain a malpractice action against the attorney for one of the parties to the contract. As a matter of law, only a third party beneficiary of <u>an attorney-client relationship</u> could maintain a malpractice action against the attorney. Therefore, Plaintiff cannot maintain a malpractice action against Defendant as the intended beneficiary of <u>the secured transaction</u>.

As a test to determine whether a third party beneficiary would be permitted a cause of action as the intended beneficiary, a court stated that a third party has remedy as an intended beneficiary (1) if recognizing a right to performance in the third party is appropriate to effect the intent of the attorney and client, and (2) if the circumstances

7

establish that the purpose of the attorney-client relationship is to benefit the third party. See, Guy v. Liederbach, 501 Pa. 47, 459 A.2d 744, 751 (1983). Although the District of Columbia has not codified an attorney's malpractice liability to a third party as the intended beneficiary, at least one state has done so. Arkansas statute requires that, in order to form the basis of the attorney's liability to a third party, (1) a writing must identify the third party intending to rely on the attorney's service, and (2) a copy thereof or a similar statement must be sent to the third party. Ark. Code Ann §16-22-310 (Michie 1997).

In the Case at bar, even if Plaintiff's bald assertion that Defendant was Cambridge Holdings' attorney in the secured transaction could annul the attorney-client relationship between Victoria Wysocki, Esquire, and Cambridge Holdings, Plaintiff still would not have been the intended beneficiary of the alleged attorney-client relationship between Defendant and Cambridge Holdings because Plaintiff fails to allege that (1) recognizing Plaintiff's right to Defendant's performance would be appropriate to effect Defendant's and Cambridge Holdings' intent when they allegedly formed the attorney-client relationship, and (2) the purpose of forming the attorney-client relationship between Defendant and Cambridge Holdings was to benefit Plaintiff. Nor does Plaintiff allege that (1) there was a writing by Defendant that identified Plaintiff as the party relying on Defendant's alleged legal service, and (2) that such a writing was sent to Plaintiff. Therefore, Plaintiff cannot maintain a malpractice action against Defendant as the intended beneficiary of the alleged attorney-client relationship between Defendant and Cambridge Holdings.

**V. Plaintiff cannot maintain a negligence action against Defendant as a third party beneficiary because Defendant owed Plaintiff no duty of care.**

Plaintiff alleges that Defendant owed Plaintiff a duty of care (Compl. ¶18, ¶21, ¶33), and as the result of Defendant's breach of the duty (Compl. ¶33), Plaintiff has a negligence cause of action against Defendant as a third party beneficiary (Compl. ¶31, ¶33, ¶34). As a matter of law, Plaintiff does not have the negligence cause of action against Defendant because Defendant owed Plaintiff no duty of care.

In order for a third party plaintiff to maintain a negligence action against an attorney, there must be a duty of care owed by the attorney to the third party plaintiff. See, e.g., Rhode v. Adams, 288 Mont. 278, 957 P.2d 1124 (1998); Bowman v. Two, 104 Wash.2d 181, 704 P.2d 140 (1985). The issue of duty presents a question of law for the court. See, Meighan v. Shore, 34 Cal.App.4th 1025, 40 Cal.Rptr.2d 744 (1995). As a matter of law, an attorney owes no duty of care to anyone other than the client. See, e.g., Ex parte Gilbert v. Sims, 759 So.2d 547 (Ala. 1999); Marker v. Greenberg, 313 N.W.2d 4 (Minn. 1981); Ames Bank v. Hahn, 205 Neb. 353, 287 N.W.2d 687 (1980). A Maryland court stated that the appropriate inquiry is whether the expressed intent of the client to benefit the third party was the direct and agreed purpose of the transaction or relationship, see, Nobel v. Bruce, 349 Md. 730, 709 A.2d 1264 (1998), that is, whether both the attorney and the client intended the third party to be the beneficiary of legal service. See, Flaherty, 303 Md. 116 (emphasis added). The mutual intent requirement is important because an attorney's undertaking should be the result of a conscious decision, so that the consequences of a duty to a third party can be considered and the undertaking declined if the conflict or financial exposure is too great. See, e.g., Leyba v. Whitley, 120 N.M. 768,

9

907 P.2d 172 (1995); Hopkins v. Akins, 637 A.2d 424 (D.C. 1993). The third party's subjective intent, belief, or reliance alone, however, is legally irrelevant. See, e.g., Shivvers v. Hertz Farm Management, Inc. 595 N.W.2d 476 (Iowa 1999); Benedek v. Heit 139 A.D.2d 393, 531 N.Y.S.2d 266 (1988).

In the Case at bar, Plaintiff's allegation that Defendant owed Plaintiff a duty of care is a legal conclusion that need not be taken as true by the Court. Plaintiff fails to allege that, *inter alia*, that both Defendant and Cambridge Holdings had intended Plaintiff to be the beneficiary of the alleged attorney-client relationship when it was allegedly formed. Without both Defendant's and Cambridge Holdings' mutual intent to benefit Plaintiff, Defendant owed no duty to Plaintiff as the third party beneficiary of the alleged attorney-client relationship between Defendant and Cambridge Holdings. Therefore, Plaintiff cannot maintain a negligence action against Defendant.

### VI. Defendant's alleged malpractice was not the cause of Plaintiff's alleged loss.

Plaintiff alleges that the property that should have been secured by Defendant was sold for $6,200,000.00 (Compl. ¶14), and that as the direct and proximate result of Defendant's alleged malpractice (Compl. ¶18, ¶22, ¶26), Plaintiff suffered a loss in the amount of $2,250,000.00 (Compl. ¶15, ¶22). However, as a matter of fact, Defendant's alleged malpractice was not the cause of Plaintiff's alleged loss. Therefore, Plaintiff has no claim against Defendant for its alleged loss.

First of all, the Court may consider the facts contained in the Exhibits attached hereto without converting this Rule 12(b)(6) Motion to Dismiss to a Rule 56 motion for summary judgment. In deciding whether to dismiss a complaint pursuant to Rule 12(b)(6)

10

of Federal Rules of Civil Procedure, the court may consider only the facts alleged in the pleadings, see, e.g., Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017-1018 (5th Cir. 1996) (courts must limit inquiry to facts stated in complaint and documents either attached to or incorporated in complaint); Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088 (2d Cir. 1995) (court may consider all papers appended as well as matters of judicial notice); Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (appended documents and matters of judicial notice may be considered), including documents attached to complaint as exhibits, see, e.g., Meehan v. United Consumers Club Franchising Corp., 312 F.3d 909, 913 (8th Cir. 2002) (court did not convert motion to dismiss to motion for summary judgment by considering franchise agreement and circular that were attached to complaint); Menominee Indian Tribe of Wisconsin v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998), cert. denied, 526 U.S. 1066 (1999) (documents attached to motion to dismiss are considered part of pleadings if they are referred to in the plaintiff's complaint and are central to claim); Allen v. Newsome, 795 F.2d 934, 938 (11th Cir. 1986) (INS report attached to complaint considered part of pleadings for all purposes, including Fed. R. Civ. P. 12(b)(6) motion), because documents attached to complaint are part of the pleadings. Fed.R.Civ.P. 10(c) (2004).

In the Case at bar, Plaintiff did not assign page numbers to its exhibits; therefore, Defendant has to duplicate relevant pages of the exhibits to Plaintiff's Complaint and attach them to this Memorandum as Exhibits. All Exhibits (Exhibit A to Exhibit F) attached hereto come from part of Plaintiff's pleadings and may be considered by the Court without converting this Rule 12(b)(6) Motion to a Rule 56 motion for summary judgment.

In a secured transaction, in order for a client to maintain a malpractice action against an attorney for failing to perfect a security interest, the negligence must be the cause of the injury, and the client must prove the fact and extent of the damages. See, Phillips-Smith Specialty Retail Group II, L.P. v. Parker Chapin Flattau & Klimpl, LLP, 265 A.D.2d 208, 696 N.Y.S.2d 150 (1999). The measure is the value of the security interest lost due to the attorney's failure to perfect the security interest, which requires subtraction of higher priority liens. If, despite a proper security interest, there would have been no assets available to secure the interest, then the client has suffered no loss due to the attorney's malpractice and has no malpractice action against the attorney. See, Cramer v. Spada, 203 A.D.2d 739, 610 N.Y.S.2d 662 (1994).

In the Case at bar, Plaintiff alleges that the properties in which Defendant allegedly failed to timely perfect a security interest was sold for $6,200,000.00 (Compl. ¶14), but such an allegation is again a bald assertion and amounts to no more than speculation because Plaintiff offers no fact in its Complaint to substantiate the sale price of $6,200,000.00, as if Plaintiff simply pulled the number from its hat with sleight of hand.

Moreover, Plaintiff also alleges that as the direct and proximate result of Defendant's alleged malpractice (Compl. ¶18, ¶22, ¶26), Plaintiff suffered a loss in the amount of $2,250,000.00 (Compl. ¶15, ¶22). But such an allegation is a conclusory allegation that need not be taken as true by the Court because Plaintiff fails to allege that, after all prior lien holders to the secured properties were paid in full, Plaintiff still would have been able to recover $2,250,000.00 from the alleged $6,200,000.00 sales proceeds. As a matter of fact derived from exhibits to Plaintiff's Complaint and numerically paginated in Exhibits attached hereto, even if Plaintiff's security interest in the properties had been

perfected on the date of the closing on November 30, 2000 (Ex. A, at 1), there would have been no assets available to secure Plaintiff's security interest because as of November 30, 2000 there had already been $21,429,256.50 prior liens placed on the properties being offered to secure Plaintiff's interest. Below is a detailed list of the identities of prior lien holders, lien amounts, dates prior liens recorded, and locations of the liens in Exhibits attached hereto.

| Lien Holder | Amount | Date Lien Recorded | Location in Exhibits |
|---|---|---|---|
| Boardwalk Securities Corp. | $ 900,000.00 | Jan. 16, 1997 | Ex.B, P.7, ¶11 |
| Ann-Norwood Corp. | $ 970,000.00 | Jan. 9, 1998 | Ex.B, P.7, ¶12 |
| Parke Bank | $2,782,900.00 | Aug. 9, 1999 | Ex.B, P.7, ¶13 & Ex.C, P.5, ¶11 |
| | $ 300,000.00 | April 1, 1999 | Ex.D, P.5, ¶13 |
| | $ 937,500.00 | May 21, 1999 | Ex.E, P.5, ¶13 |
| | $ 300,000.00 | Oct. 7, 1999 | Ex.F, P5, ¶11 |
| National Penn Bank | $3,650,000.00 | Feb. 1, 2000 | Ex.B, P.7, ¶16 |
| HR4A-JV Ltd. Partnership | $7,500,000.00 | Nov. 8, 2000 | Ex.B, P.7, ¶19 & Ex.C, P.5, ¶14 |
| Collective Bank | $ 244,000.00 | June 12, 1997 | Ex.D, P.5, ¶11 |
| Paul Keuerleber | $ 356,250.00 | Dec. 28, 1999 | Ex.D, P.5, ¶15 & Ex.E, P.5, ¶15 |
| Tri-J Enter. Inc. | $ 88,606.50 | Oct.14, 1977 | Ex.D, P.6, ¶26 |
| W.J.&E.A. McKeever et al. | $ 250,000.00 | Feb.4, 1998 | Ex.E, P.5, ¶11 |

| | | |
|---|---|---|
| First Republic Bank | $3,150,000.00 May 24, 2000 | Ex.F, P.5, ¶13 |
| Total Prior Lien Amount | $21,429,256.50 | |

Even if Plaintiff's claim of $6,200,000.00 sales price were true, which is not substantiated in the Complaint, it would not have paid off the $21,429,256.50 prior liens and would have left no assets to Plaintiff. Therefore, Defendant's alleged malpractice, even if true, would not have caused Plaintiff's loss in the secured transaction, and Plaintiff cannot maintain a malpractice against Defendant.

**VII.    Statute of limitations bars Plaintiff's malpractice action against Defendant.**

Plaintiff first filed the Complaint in the Superior Court of the District of Columbia on January 29, 2004 to maintain a cause of action against Defendant's malpractice that was allegedly committed on November 30, 2000. However, the Court need not look beyond the pleadings of the Complaint and should dismiss the Complaint because the statute of limitations bars Plaintiff to file the Complaint after November 30, 2003, three (3) years after the alleged malpractice.

Dismissal under Rule 12(b)(6) may also be appropriate when a successful affirmative defense or other bar to relief appears on the face of the complaint, such as the statute of limitations. See, e.g., LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998) (motion to dismiss granted on basis of limitations defense when it was clear from pleadings that claim was time-barred because limitations period had run on insurance contract); Kansa Reins. Co. v. Congressional Mortgage Corp., 20 F.3d 1362, 1366 (5th Cir. 1994) (dismissal under Fed. R. Civ. P. 12(b)(6) may be appropriate when successful

affirmative defense appears on face of pleadings); Kahn v. Kohlberg, Kravis, Roberts & Co., 970 F.2d 1030, 1042 (2d Cir. 1992) (because complaint and attached exhibits showed that statute of limitations had run, court could not look beyond the pleadings to defeat Fed. R. Civ. P. 12(b)(6) dismissal). The cause of action for legal malpractice based on negligence is regarded as an action in contract, not in tort, because legal malpractice derives from a contractual, either express or implied, relationship between the attorney and client. See, Jackson State Bank v. King, 844 P.2d 1093 (Wyo. 1993). Under District of Columbia law an action on contract, express or implied, may not be brought after expiration of three (3) years from the time the right to maintain the action accrues. D.C. Code Ann. §12-301(7) (2001). The statute of limitations on express or implied contract claims begins to run from the date the contract is breached, see, e.g., Allison v. Howard Univ., 209 F.Supp.2d 55 (D.D.C. 2002); Bembery v. Dist. Of Columbia, 758 A.2d 518 (D.C. 2000); Capitol Place I Assoc. L.P. v. George Hyman Constr. Co., 673 A.2d 194 (D.C. 1996), and the fact that the party was unaware of breach or the fact that damages were not immediately ascertainable will not toll the statute. See, Foley Corp. v. Dove, 101 A.2d 841 (D.C. 1954).

In the Case at bar, the secured transaction was closed on November 30, 2000 (Ex. A, at 2), and Plaintiff alleges that Defendant failed to timely perfect its security interest. Even if Defendant had committed malpractice as Plaintiff alleges, the malpractice for failing to timely perfect a security interest would have been committed on November 30, 2000. The time when Plaintiff could maintain a right of action for malpractice would have started to accrue on November 30, 2000 and would have run on November 30, 2003, but Plaintiff did not file the Complaint against Defendant until January 29, 2004.