UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FOOTBRIDGE LIMITED TRUST,

   Plaintiff,

    v.

JAMES ZHANG,

   Defendant.

Civil Action No. 04–347 (CKK)

**MEMORANDUM OPINION**
(June 19, 2007)

On June 14, 2007, Defendant James Zhang, an attorney who is representing himself *pro se*, filed [74/75] "Defendant's Motion for Reconsideration of the Two Orders Granting in Part Plaintiff's Motion and Amended Motion to Compel Discovery and for Shortened Time to Respond and Request for Status Conference before June 22, 2007." Defendant specifically asks the Court to reconsider the rulings of Magistrate Judge Alan Kay, to whom all discovery disputes have been referred in this case, dated June 6, 2007 ([67] Memorandum Order) and June 11, 2007 ([71] Memorandum Order), both of which were issued after a motions hearing held before Judge Kay on June 1, 2007, and to hold a status conference prior to June 22, 2007. In Defendant's Motion, Defendant also indicates that he plans to leave the United States on June 28, 2007 and not return until December 25, 2007. Def.'s Mot. at 20. Plaintiff filed an Opposition on June 19, 2007, which in large measure recites the history of the Parties' interactions in this case. In light of the relief requested by Defendant and self-reported date of his departure from the United States, the Court deems it necessary to rule on Defendant's Motion without waiting for a Reply. Upon review of the record and history of the case–including Defendant's [74, 75] Motion,

Plaintiff's Opposition, the [67], [71] Memorandum Orders at issue and the filings on which they are based, and Plaintiff's later-filed [76] Emergency Motion to Compel Appearance at Deposition and For Sanctions (which, while pending before Judge Kay, sets out Plaintiff's summary of many of the communications which occurred in the case), the Court shall DENY Defendant's [74, 75] Motion.

In light of the fact that Magistrate Judge Kay appropriately issued a ruling, as opposed to a report and recommendation, on both Plaintiff's [58] Motion to Compel Discovery and for Sanctions and Plaintiff's [64/65] Amended Motion to Compel Discovery and for Sanctions, any disputes with those rulings must be addressed pursuant to Local Civil Rule 72.2(b) and 72.2(c). Rule 72.2(b) states that "[a]ny party may file written objections to a magistrate judge's ruling under paragraph (a) within 10 days . . . ." LCvR. 72.2(b). Rule 72.2(c) sets forth the basis for reconsideration, stating that "a district judge may modify or set aside any portion of a magistrate judge's order under this Rule found to be clearly erroneous or contrary to law." LCvR 72.2(c). *See also* Fed. R. Civ. P. 72(a) ("The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be *clearly erroneous or contrary to law*.") (emphasis added). A court should make such a finding when "'on the entire evidence' the court 'is left with the definite and firm conviction that a mistake has been committed.'" *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 365 (1948)); *see also Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217, 218 (D.D.C. 2001).

Furthermore, a motion for reconsideration is "not simply an opportunity to reargue facts and theories upon which the court has already ruled." *United States v. Funds from Prudential*

*Sec.*, 245 F. Supp. 2d 41, 44 (D.D.C. 2003) (quoting *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995)). Nor is it "a vehicle for presenting theories or arguments that could have been advanced earlier," *id*. at 38, or a method of introducing evidence that was "available but not offered at the original motion or trial," *Natural Res. Def. Council, Inc. v. United States Envt'l Protection Agency*, 705 F. Supp. 698, 702 (D.D.C. 1989), *vacated on other grounds*, 707 F. Supp. 3 (D.D.C. 1989). Indeed, "[p]arties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health &Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

Upon review of the record and history of the case–including Defendant's [74, 75] Motion, Plaintiff's Opposition, the [67], [71] Memorandum Orders at issue and the filings on which they are based, and Plaintiff's later-filed [76] Emergency Motion to Compel Appearance at Deposition and For Sanctions, the Court concludes that Magistrate Judge Kay's [67] [71] Memorandum Orders are neither clearly erroneous nor contrary to law and accordingly shall not be modified or set aside pursuant to Federal Rule of Civil Procedure 72(a) nor Local Civil Rule 72.2(c). For example, Defendant's Motion [74, 75] argues in large part that Plaintiff failed to satisfy both Local Civil Rule 7(m) and Federal Rule of Civil Procedure 37(a)(2)(B) in that Plaintiff allegedly "failed to confer" with Defendant prior to filing Plaintiff's [58] Motion to Compel Discovery and for Sanctions and Plaintiff's [64/65] Amended Motion to Compel Discovery and for Sanctions. *See* Def.'s Mot. at 6, 12. However, the Court notes that both Parties' filings corroborate (or do not contest) that (1) Plaintiff filed its first Motion to Compel only after Plaintiff notified Defendant of the perceived inadequacy of Defendant's discovery responses, see Def.'s Mot. ¶ 5; and (2) Plaintiff filed its Amended Motion to Compel only after

3

Defendant failed to appear at a deposition moved for Defendant's convenience and Defendant failed to answer or return any of Plaintiff's phone calls, see Pl.'s Opp'n ¶¶ 45, 46. Pursuant to Federal Rule of Civil Procedure 37(a)(2)(B), a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B). The Court does not understand this rule to require a party to confer repeatedly regarding the same discovery dispute despite numerous failed attempts to elicit (1) satisfactory responses or (2) an appearance at a thrice-noticed deposition already moved for Defendant's convenience. Nor does the Court find that Local Civil Rule 7(m) requires a Plaintiff's "good faith effort" to extend beyond leaving two unreturned phone messages after Defendant failed to appear at his deposition, moved to the last week of discovery under either Party's version of the facts for Defendant's convenience. The Court has reviewed all other arguments raised in Defendant's [74, 75] Motion and found them likewise without merit.

      Accordingly, the Court shall DENY Defendant's [74, 75] "Motion for Reconsideration of the Two Orders Granting in Part Plaintiff's Motion and Amended Motion to Compel Discovery and for Shortened Time to Respond and Request for Status Conference before June 22, 2007." As such, the Memorandum Orders ([67] and [71]) of Magistrate Judge Kay both remain in effect, and the Court expects full compliance with said Orders forthwith. If Defendant does not comply

with said Orders ([67] and [71]) prior to his departure from the United States, other sanctions may be taken against him. An Order accompanies this Memorandum Opinion.

Date: June 19, 2007.

                                                                                                    */s/*
                                                           COLLEEN KOLLAR-KOTELLY
                                                           United States District Judge