# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 08-7144**                                      **September Term, 2009**

FILED ON: DECEMBER 7, 2009

FOOTBRIDGE LIMITED TRUST,
                    APPELLEE

v.

JAMES ZHANG,
                    APPELLANT



Appeal from the United States District Court
for the District of Columbia
(No. 1:04-cv-00347-CKK)

Before: HENDERSON, TATEL and KAVANAUGH, Circuit Judges.

### JUDGMENT

This case was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties pursuant to D.C. Circuit Rule 34(j). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court be affirmed.

James Zhang appeals the district court's denial of his motion for Rule 11 sanctions against Footbridge Limited Trust ("Footbridge"). The sanctions motion stemmed from a complaint filed by Footbridge against Zhang alleging legal malpractice and negligence. Specifically, Footbridge accused Zhang of failing to timely perfect a security interest on a loan it made to a third party through a holding company that employed Zhang as a commercial transaction attorney. After more than four years of litigation and an "extensive and contentious discovery" process, the district court granted Zhang's motion for summary judgment because, among other reasons, Footbridge could not establish the applicable standard of care in the absence of expert testimony. *Footbridge Ltd. Trust v. Zhang*, 584 F. Supp. 2d 150, 157, 160 (D.D.C. 2008).

Zhang filed a motion for Rule 11 sanctions against Footbridge's attorneys, claiming that they had failed to make a reasonable inquiry before filing the complaint against him, presented legal arguments that were unwarranted based on existing law, and made a factual allegation

without evidentiary support. After explaining the legal standard for imposing Rule 11 sanctions, the district court rejected Zhang's motion. *Footbridge Ltd. Trust v. Zhang*, No. 04-347 (D.D.C. Nov. 13, 2008) (order denying Rule 11 sanctions motion) ("*Order*"). We review the district court's denial of the Rule 11 motion for abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990); *Lucas v. Duncan*, 574 F.3d 772, 775 (D.C. Cir. 2009).

On appeal, Zhang complains that the district court abused its discretion by failing to address his arguments or provide an adequate explanation for its decision not to impose sanctions. The district court, however, specifically identified each of the arguments Zhang put forward in his sanctions motion and articulated the correct legal standard for imposing sanctions under Rule 11. The court then explained why it declined to impose Rule 11 sanctions in this case:

> Although [Zhang] prevailed on his Motion for Summary Judgment, the Court cannot find that [Footbridge's] Complaint, nor the factual and legal assertions therein, were presented for improper purposes, nor that they were so incredible as to warrant sanctions. On the contrary, the parties' respective positions required extensive discovery and briefing before the Court could ultimately render its November 5, 2008 decision. The Court therefore finds, in its discretion, that there is no basis to award Rule 11 sanctions in this case.

*Order* at 2–3. In view of this analysis, Zhang's assertions that the district court ignored his legal arguments and provided an insufficient explanation for its decision are without merit. Furthermore, although Zhang contends that the district court found that sanctions were unwarranted "*solely*" because Footbridge's complaint was not presented for improper purposes, Appellant's Br. 19, we do not read the court's decision to be so limited. Noting the complicated nature of the proceedings, the court concluded that Footbridge's complaint was not "so incredible as to warrant sanctions." *Order* at 2. Thus, the district court clearly considered the substance of the complaint and not just Footbridge's motive for bringing it.

Zhang's contention that the district court based its decision on clearly erroneous factual findings is similarly unavailing. *See Cooter*, 496 U.S. at 405 ("A district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."). Zhang feels particularly aggrieved by the district court's reference to his sanctions motion as "an apparent effort to prolong this seemingly never-ending litigation." *Order* at 1. Protesting that it was in fact the district court that unnecessarily protracted the litigation, Zhang complains that the court's assertion "was patently false and was directly contradicted by Zhang's strenuous efforts to end" the lawsuit. Appellant's Br. 7. Zhang goes so far as to invite the district court to impose sanctions against him for his allegedly dilatory behavior. But the district court did not, as Zhang alleges, base its decision on Zhang's perceived motives for filing his sanctions motion. Rather, the court denied his motion because it concluded that Footbridge's complaint was not presented for any improper purpose or "so incredible as to warrant sanctions." *Order* at 2. Whether or not Zhang sought to delay the litigation is therefore irrelevant.

Zhang further asserts that Footbridge's complaint was frivolous because it lacked evidentiary support and because Footbridge failed to produce expert testimony establishing the

applicable standard of care. In this circuit, however, "'decisions concerning Rule 11 sanctions are better left to the discretion of the district court which has a bird's eye view of the actual positions taken by the litigants,' and [we] will not second guess the factual determinations integral to the district court's decision not to impose Rule 11 sanctions." *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 425 (D.C. Cir. 2005) (internal citations omitted). The district court concluded that although Footbridge's complaint was ultimately a loser, it was not so frivolous as to warrant sanctions. We see no reason to second guess that determination or the court's exercise of its discretion in this case.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(b).

*Per Curiam*

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk